**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| KEVIN J. BLEVINS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  No. 1:10-cv-998-WTL-MJD |
| | ) |
| SGT. D. PATTON, et al. | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Kevin Blevins, a former inmate of the New Castle Correctional Facility ("New Castle"), brings this lawsuit pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his Eighth Amendment rights. Blevins asserts that the defendants inflicted cruel and unusual punishment on him when they subdued him. Blevins also alleges state law claims for defamation. The defendants move for summary judgment on Blevins' claim of cruel and unusual punishment.

**I. Summary Judgment Standard**

Summary judgment is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. Rule 56(c). A fact is material if it might affect the outcome of the suit under the governing law, and a dispute about a material fact is genuine only if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED.R.CIV.P. Rule 56(e)(2). The opposing party's burden cannot be met with conclusory statements or speculation, *see Cliff v. Bd. of Sch. Comm'rs*, 42 F.3d 403, 408 (7th Cir. 1994) (citing *McDonnell v. Cournia*, 990 F.2d 963, 969 (7th Cir. 1993)), but only with appropriate citations to relevant admissible evidence. *See* Local Rule 56.1; *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 286 (7th Cir.1997); *Foreman v. Richmond Police Dept.*, 104 F.3d 950, 957 (7th Cir.1997).

The *Statement of Material Facts in Dispute* required by Local Rule 56.1(b) is to identify the potentially determinative facts and factual disputes which the plaintiff contends demonstrate that there is a dispute of fact precluding summary judgment. These factual assertions must be supported by appropriate citations to the record and evidence submitted

in connection with the motion for summary judgment. The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir.2004); *Bordelon v. Chicago School Reform Board of Trustees,* 233 F.3d 524, 527 (7th Cir.2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process). Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Cady v. Sheahan,* 467 F.3d 1057, 1061 (7th Cir.2006); *see also Koszola v. Bd. of Educ. of the City of Chicago,* 385 F.3d 1104, 1108 (7th Cir.2004).

In his initial response to the defendants' motion for summary judgment, Blevins did not provide the *Statement of Material Facts in Dispute* as required by Local Rule 56.1 despite the fact that the defendants provided him with the notice to *pro se* litigants concerning summary judgment procedures required by Local Rule 56.1(h). The court provided Blevins another opportunity to file the required *Statement of Material Facts in Dispute*. Despite these admonitions, Blevins did not respond to the defendants' statement of uncontested facts in the manner required. Instead, Blevins filed a "Statement Material Facts in Dispute" consisting almost entirely of unsupported argument without any citation whatsoever, let alone citation to "discovery responses, depositions, affidavits, and other admissible evidence" as required by the rule. The failure to submit the required *Statement of Material Facts in Dispute* concedes the defendants' version of the facts to the extent they are supported by admissible evidence. This is the consequence of Local Rule 56.1(e). *See, e.g., Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) (holding that "a failure to respond by the nonmovant as mandated by the local rules results in an admission"); *Greer v. Bd. of Educ., of the City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998)(stating that procedural rules "apply to uncounseled litigants and must be enforced").

## II. Facts

The following statement of undisputed material facts is evaluated pursuant to the standards set forth above.

The incident which forms the basis of Blevins' complaint occurred on or about October 8, 2009, at New Castle. On that day, Officer Brian Mangen stopped Blevins for being in the dining hall without authorization. Upon being stopped, Blevins began to argue with Mangen. Mangen called Sergeant Dustin Patton for assistance. When Patton arrived, Mangen explained the circumstances and Patton ordered Blevins to return to his assigned housing unit. In response, Blevins became verbally aggressive and refused to return to his housing unit. Patton ordered Blevins to submit to mechanical restraints and Blevins complied with the order.

Patton then proceeded to escort Blevins to the Outpatient Clinic for a pre-segregation medical screening. Blevins became combative and began to pull away from Patton. Patton then called Westermen to assist him in escorting Blevins to the clinic. When they arrived at the clinic, Blevins was ordered to sit in a chair for assessment by the nursing staff. While seated in the clinic, Blevins suddenly stood up and approached Westermen and Patton. Westermen tried to gain control of Blevins by grabbing his arm, but Blevins head-butted Westermen on the right side of his forehead. Westermen and Patton immediately placed Blevins on the ground. Patton then called for staff assistance.

Officers Hensley, Reeve, and Laboyteaux responded and assisted Patton and Westermen in carrying Blevins to segregation. However, Hensley, Reeve, and Laboyteaux did not witness the altercation that led to their involvement. Once Blevins calmed down, he was escorted back to the Outpatient Unit where he received treatment for his injuries.

On July 23, 2010, Dr. Christopher S. Nelson, the Medical Director of New Castle, conducted an assessment of Blevins' injuries. Dr. Nelson reviewed photographs of Blevins' injuries and concluded that the injuries sustained during the fall were consistent with a fall with subsequent impact with a hard surface such as flooring.

### III. Discussion

Blevins claims that the defendants violated his right to be free from cruel and unusual punishment. The Cruel and Unusual Punishments Clause of the Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000) (citing *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976)). When excessive force by prison employees is alleged, the question is whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992); *Fillmore v. Page,* 358 F.3d 496, 503 (7th Cir. 2004).

> A court should examine a variety of factors in conducting this inquiry, including the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner. With regard to the last of these factors, while significant injury is not required, a claim ordinarily cannot be predicated upon a *de minimis* use of physical force. Thus, not every push or shove by a prison guard violates a prisoner's constitutional rights.

*DeWalt v. Carter*, 224 F.3d 607, 619-620 (7th Cir. 2000) (internal citations omitted).

The facts as asserted by the defendants remain undisputed because of Blevins' failure to supply the *Statement of Material Facts in Dispute* as required by Local Rule 56.1. These facts are that Blevins became aggressive and pulled away from Patton while he was being transferred to the Outpatient Clinic. As a result, Patton requested that Westerman assist him in transferring Blevins. At the clinic, the officers ordered Blevins to sit in a chair. After he sat down, Blevins stood up and head-butted Westermen. Patton and Westermen then put Blevins on the ground and called for assistance. Hensley, Reeve, and Laboyteaux responded and assisted Patton and Westermen in carrying Blevins to segregation due to Blevins' refusal to walk.

The treatment Blevins received does not rise to the level of cruel and unusual punishment. Blevins ignored commands by the officers and tried to attack one of them. The officers responded to the attack by taking him to the ground. The force employed to restrain Blevins was related to his own resistance and calculated to maintain discipline. It was not applied maliciously and sadistically for the very purpose of causing harm, but was applied in an effort to maintain discipline. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992).

## IV. Conclusion

Because the court concludes that the defendants' actions did not rise to the level of cruel and unusual punishment, their motion for summary judgment [20] on that claim must be **granted**.

Blevins' state law defamation claim remains. The retention of jurisdiction over the pendent state law claims is permissible under 28 U.S.C. § 1367(a). Normally, when "all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). Accordingly, Blevins' defamation claim is **remanded** to the Henry Superior Court as Case No. 33D01-0912-PL-0031.

**IT IS SO ORDERED.**

Date: 02/25/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana